# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Hemingway, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:22-2525-RMG |
| vs. ) | |
| ) | |
| Kilolo Kijakazi, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on June 28, 2023, recommending that the Commissioner's decision be affirmed. (Dkt. No. 13). Plaintiff filed objections to the R & R and the Commissioner filed a reply. (Dkt. Nos. 14, 15).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Plaintiff has raised objections to the Magistrate Judge's R & R concerning the finding that the Commissioner satisfied the requirements at Step Four and Step Five. First, Plaintiff asserts that the Administrative Law Judge ("ALJ") failed to satisfy the requirements of SSR 00-4P, 2000 WL 1898704 (2000), which requires the ALJ to make an inquiry to the vocational expert whether there is any inconsistency between the testimony of the vocational expert and the DOT regarding occupational information and, if so, whether the vocational expert's testimony is reasonable. Plaintiff contends the ALJ failed to do this.

A review of the record indicates that the vocational expert, on his own initiative, identified inconsistencies between the DOT position of military science instructor and the past work performed by Plaintiff as a junior ROTC instructor. The vocational expert explained that

as a retired military officer with personal experience in ROTC and in reliance on Plaintiff's explanation of the job he actually performed as a junior ROTC instructor, he found the DOT designation of the exertional level of the position (sedentary) too low and the skill level (9) too high. (Dkt. No. 7-2 at 63-64). After finding that the junior ROTC instructor position performed by Plaintiff required a medium level of exertion and a skill level of 7, the vocational expert opined that Plaintiff could perform his past relevant work. (*Id*. at 65). Plaintiff did not then (or now) challenge the reasonableness of the vocational expert's explanation regarding the differences between the DOT and the job Plaintiff performed in his past relevant work. Instead, Plaintiff argues that the ALJ did not elicit the opinion from the vocational expert and did not find that it was reasonable.

The Court overrules this objection and concurs with the Magistrate Judge that the vocational expert "raised and explained the conflict" and "Plaintiff has raised no issue regarding the reasonableness of the [vocational expert's] explanation. Thus, the ALJ did not err in relying on this testimony . . . ." (Dkt. No. 13 at 18).[1]

Second, Plaintiff argues that the Magistrate Judge erred in finding that the vocational expert adequately identified sufficient jobs in the national economy Plaintiff could perform with his RFC. The vocational expert identified two jobs in the national economy which Plaintiff was capable of performing, laundry marker (29,000 jobs) and automobile detailer (40,000 jobs). The ALJ found, based on this testimony, that there were "significant jobs" in the national economy

---

[1] Plaintiff further contends that the ALJ failed to "fulfill her duty under SSR 00-4P and ask the VE whether [Plaintiff's] junior ROTC job was a composite job" as another vocational expert suggested in an earlier hearing. (Dkt. No. 14 at 2). The Commissioner accurately responds that SSR 00-4P imposes no duty on the ALJ to address possible composite jobs. (Dkt. No. 15 at 5).

Plaintiff could perform. (Dkt. No. 7-2 at 28-29). Plaintiff argues that the ALJ failed to undertake sufficient fact finding to accept the vocational expert's testimony. (Dkt. No. 14 at 6-7).

The Magistrate Judge found that the vocational expert "specifically identified the specific number of jobs in the national economy" in two job categories and found the source of the information was "sufficiently reliable to support the ALJ's conclusions." (Dkt. No. 13 at 21). The Court concurs in the conclusion reached by the Magistrate Judge that the ALJ satisfied the Step Five requirement and overrules this objection.

Based on the foregoing, the Court adopts the R & R of the Magistrate Judge (Dkt No. 13) as the Order of the Court. The decision of the Commissioner is affirmed.

**AND IT IS SO ORDERED.**

S/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

Charleston, South Carolina  
July 24, 2023